```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                       NORTHERN DIVISION
```

**TIFFANY BROWN and ROBERT COLLINS,**
**on Behalf of Themselves and**
**Those Similarly Situated**                                **PLAINTIFFS**


**VS.**                          **CIVIL ACTION NO. 3:13-cv-781-WHB-RHW**


**PHENIX TRANSPORTATION WEST, INC.;**
**RICKY WILKERSON; RICHARD WILKERSON; and**
**DAPHNE WILKERSON**                                        **DEFENDANTS**


<u>**OPINION AND ORDER**</u>

This cause is before the Court on the Motion of Plaintiffs for Conditional Class Certification and Court-Authorized Notice. Having considered the pleadings, as well as supporting and opposing authorities, the Court finds the Motion is well taken and should be granted.


**I.   Factual Background and Procedural History**

Tiffany Brown and Robert Collins (collectively, "Plaintiffs"), worked as over-the-road commercial truck drivers for Phenix Transportation West, Inc. ("Phenix"). Phenix transports produce, poultry, fresh and processed food, and general commodities within the continental United States as well as Mexico and Canada. It has approximately 91 tractors and 100 trailers in operation, and employees approximately 175 drivers.

Plaintiffs filed a lawsuit against the Phenix Defendants for unpaid compensation and other damages under the Fair Labor Standards Act ("FLSA"), codified at 29 U.S.C. § 201, *et seq.*,[1] and request that their lawsuit be designated as a collective action under that statute, with an Opt-in Class consisting of: "All over-the-road commercial truck drivers who worked for Defendants nationwide within the last three (3) years who were not compensated at least the statutory minimum wage for all hours worked." Am. Compl. at ¶ 47. Plaintiffs have now moved for Conditional Class Certification of the FSLA claim and for Court-Authorized Notice.

Plaintiffs allege that they and similarly situated over-the-road commercial truck drivers were subjected to a common policy and practice that resulted in their not being paid the required minimum wage under the FSLA. Specifically, Plaintiffs allege that they were paid in the "form of a flat fee which equated to a percentage, in most cases twenty-five (25%), of the contract price" to Phenix to carry the load. Id. at ¶ 30. Plaintiffs further allege that Phenix withheld the actual contract price of loads that their drivers carried, and that this "custom and practice of making false disclosures" regarding the value of contracts resulted in the drivers not being paid the federal minimum for hours worked. Id. at 31-32. For example, Brown submitted an Affidavit in which she

---

[1] Plaintiffs also sought relief on a Mississippi state law claim of quantum merit. This claim was dismissed on motion. See Opinion and Order [Docket No. 41].

avers that she while she logged approximately 123.25 driving and on-duty hours for the payroll ending June 21, 2013, she was only paid $421.00 for this time. See Mot. [Docket No. 50], Ex. A (Brown Aff.), ¶¶ 14, 15. According to Plaintiffs, had Brown been paid the required minimum wage, she should have earned a gross pay of $1,218.00. See Mem. in Supp. of Mot. [Docket No. 55], 4.

Plaintiffs contend that as they and other over-the-road commercial truck drivers for Phenix "had the same or similar job duties under the same pay provision", Am. Compl. ¶ 38, they are "similarly situated" with the other drivers thereby justifying a collective action under the FLSA. To establish that they are similarly situated, Brown submitted an affidavit averring that other over-the-road commercial truck drivers for Phenix were subjected to the same pay policies as was she. See Mot., Ex. A (Brown Aff.), ¶ 18. See also Stallings Decl. [Docket No. 52], at ¶¶ 7, 12-14; Banks Decl. [Docket No. 53], at ¶¶ 7, 12-14. Plaintiffs also contend there are similarly situated drivers as evidenced by the opting-in of Travis Stallings ("Stallings"), Roosevelt Banks ("Banks"), and Orlando Stewart ("Stewart"), all of whom have indicated that they performed the same duties and were paid in the same manner as Plaintiffs. See Notices [Docket Nos. 7, 8, and 14]. See also Stallings Decl. [Docket No. 52]; Banks Decl. [Docket No. 53]. The class Plaintiffs seek to represent is defined as: "All over-the-road truck drivers who worked for [Phenix] within

3

the last three(3) years who were not compensated at least the statutory minimum wage for all hours worked." Am. Compl., ¶ 47.

In response, the Phenix Defendants argue that the named Plaintiffs are dissimilar because Collins was an independent contractor and, therefore, outside the provisions of the FLSA. See Mem. in Supp. of Resp. [Docket No. 59], 12-13. The Phenix Defendants further argue that Plaintiffs have not shown that there existed a common, illegal pay policy. Id., 13-17. As to this issue, the Phenix Defendants argue: (1) Plaintiffs have not made a factual showing that their being paid wages "based on a percentage of the Defendants' hauling contract ... was inherently illegal"; (2) Plaintiffs have not shown that all of the hours they allegedly worked in excess of forty-per-week would be compensable under the FSLA; and (3) the opt-in notices of Stallings, Banks, and Stewart are insufficient to establish situational similarity because their Notices are vague, contain boiler-plate language, and constitute hearsay. Id. Finally, the Phoenix Defendants argue that Plaintiffs have failed to demonstrate that they were paid less than the required minimum wage because, contrary to Brown's affidavit, she was paid gross wages totaling $902.00 for the payroll period ending June 21, 2013, which, when divided by the number of compensable hours she allegedly worked, shows she was paid more than minimum wage during that period. Id. at 17-19.

## II. Analysis

The FSLA entitles certain employees to a minimum wage. See 29 U.S.C. §206(a)(providing: "Every employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce ... wages" at the rate of $7.25/hour). The FLSA also provides that employees who seek recourse against an employer may bring a suit on behalf of "similarly situated" employees. 29 U.S.C. § 216(b). Unlike class actions under Rule 23 of the Federal Rules of Civil Procedure, collective actions under the FLSA are "opt-in" rather than "opt-out" suits. See 29 U.S.C. § 216(b)(providing: "No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.").

When deciding whether to certify a collective action under the FLSA, courts in the Fifth Circuit apply the two-stage analysis established by Lusardi v. Xerox Corp., 118 F.R.D. 351 (D.N.J. 1987). See e.g. Harris v. Hinds County, Miss., 2014 WL 457913, at *2 (S.D. Miss. Feb. 4, 2014)(finding that the Lusardi method is recognized as "the favored approach by courts in the Fifth Circuit.")(quoting Kaluom v. Stolt Offshore, Inc., 474 F.Supp.2d 866, 871 (S.D. Tex. 2007)). The two Lusardi stages are the notice stage, and the "opt-in," "merits," or decertification stage. As

5

explained by the United States Court of Appeals for the Fifth Circuit in Mooney v. Aramaco Services Co., 54 F.3d 1207, 1212 (5th Cir. 1995):

> The first determination is made at the so-called 'notice stage.' At the notice stage, the district court makes a decision-usually based only on the pleadings and any affidavits which have been submitted - whether notice of the action should be given to potential class members.
>
> Because the court has minimal evidence, this determination is made using a fairly lenient standard and typically results in 'conditional certification' of a representative class. If the district court 'conditionally certifies' the class, putative class members are given notice and the opportunity to 'opt-in.' The action proceeds as a representative action throughout discovery.
>
> The second determination is typically precipitated by a motion for "decertification" by the defendant usually filed after discovery is largely complete and the matter is ready for trial. At this stage, the court has much more information on which to base its decision, and makes a factual determination on the similarly situated question. If the claimants are similarly situated, the district court allows the representative action to proceed to trial. If the claimants are not similarly situated, the district court decertifies the class, and the opt-in plaintiffs are dismissed without prejudice. The class representatives - i.e. the original plaintiffs- proceed to trial on their individual claims.

Id. at 1213-14 (footnotes omitted).

The requirements for the Lusardi notice stage were set forth by United States District Judge Carlton Reeves in Harris v. Hinds County, Miss., 2014 WL 457913 (S.D. Miss. Feb. 4, 2014).

> Under the "fairly lenient standard" [of the notice stage] ... a plaintiff must make a minimal showing that "(1) there is a reasonable basis for crediting the assertions that aggrieved individuals exist, (2) that those aggrieved individuals are similarly situated to the

6

> plaintiff in relevant respects given the claims and defenses asserted, and (3) that those individuals want to opt in to the lawsuit." Prater v. Commerce Equities Mgmt. Co., Inc., 2007 WL 4146714, at *4 (S.D. Tex. Nov. 19, 2007). The lenient standard requires at least a "modest factual showing sufficient to demonstrate that the plaintiff and potential plaintiffs together were victims of a common policy or plan that violated the law." Simmons v. T-Mobile USA, Inc., 2007 WL 210008, at *4 (S.D. Tex. Jan 24, 2007). Only at the second stage, at the close of discovery, does the Court make a "factual determination" as to whether the class members are similarly situated. Mooney, 54 F.3d at 1214. A class of plaintiffs can be conditionally certified for notice despite some level of heterogeneity. The positions compared "need not be identical, but similar" with respect to their "job requirements and with regard to their pay provisions." Aguilar v. Complete Landsculpture, Inc., 2004 WL 2293842 (N.D. Tex. Oct. 7, 2004); Ryan v. Staff Care, Inc., 497 F.Supp.2d 820, 824-25 (N.D. Tex. 2007). A court can authorize certification if it finds "some factual nexus which binds the named plaintiffs and the potential class members together as victims of a particularly alleged policy or practice." Salinas-Rodriguez v. Alpha Svcs., 2005 WL 3557178, at *3 (S.D. Miss. Dec. 27, 2005)(citing Villataro v. Kim Son Rest., L.P., 286 F.Supp.2d 807, 810 (S.D. Tex. 2003)). Although plaintiffs bear the burden of proof to make this factual nexus showing, this is a "fairly lenient standard" due to the lack of evidence available during the first stage. Mooney, 54 F.3d at 1214. Instead, a court decides whether to conditionally certify "based only on the pleadings and any affidavits which have been submitted." England v. New Century Fin. Corp., 370 F.Supp.2d 504, 508 (M.D. La. 2005). However, a court should "deny plaintiffs' right to proceed collectively if the action arises from circumstances purely personal to the plaintiff, and not from any generally applicable rule, policy, or practice." Id. at 507.

Harris, 2014 WL, at *2.

Having reviewed the pleadings, the Court finds Plaintiffs have met the "fairly lenient" standard of the notice stage. Plaintiffs have sufficiently demonstrated that they and other over-the-road

7

drivers were employed under the same job description and compensation scheme as Plaintiffs. See Mot., Ex. A (Brown Aff.); Stallings Decl. [Docket No. 52]; Banks Decl. [Docket No. 53]. See also Op-in Notices [Docket Nos. ]. Although the Phenix Defendants argue that Collins had a different job description based on his status as an independent contractor, and his exclusion from the FSLA based on that status, this argument does not foreclose that Brown and other over-the-road commercial employee drivers of the Phenix Defendants would be similarly situated with respect to their job descriptions and the manner in which they were compensated. Further, the decision as to whether putative class plaintiffs are dissimilar because of their status as independent contractors is one that is made during the second Lusardi stage. Harris, 2014 WL, at *2 ("Only at the second stage, at the close of discovery, does the Court make a "factual determination" as to whether the class members are similarly situated.")(citing Mooney, 54 F.3d at 1214).

Next, although the Phenix Defendants argue that conditional certification should be denied because Plaintiffs have not shown that their percentage-based wage policy "was inherently illegal", the legality of that policy is not at issue in this case. The question is whether, under the percentage-based wage policy, over-the-road commercial drivers were denied minimum wage as required under the FLSA. Finally, although the Phenix Defendants have produced evidence tending to show that Brown was paid minimum wage

8

for the pay period ending June 21, 2013, the Court does not believe that such showing is sufficient to deny Plaintiffs' rights to pursue a collective action in this case when no discovery has been conducted with respect to other pay periods.

In sum, under the "fairly lenient" standard that is applied in the notice stage of the Lusardi analysis, the Court finds that Plaintiffs' Motion for Certification should be granted. The Plaintiffs, and in particular Brown, have shown that they are similarly situated to potential collective action members. Plaintiffs and all of the putative collective action members are current and former over-the-road commercial drivers who allege that the Phenix Defendants failed to pay them the required minimum wage. They also allege that the FLSA violation arose from the percentage-based wage policy that was applicable to all drivers. The Court finds these allegations are sufficient for purposes of conditional certification. Finally, the record shows that other individuals have indicated they want to opt into the lawsuit. See Notices [Docket Nos. 7, 8, and 14]. Based on these findings, the Court conditionally certifies the following class:

> All over-the-road commercial truck drivers who worked for Defendants nationwide within the last three (3) years who were not compensated at least the statutory minimum wage for all hours worked.

Plaintiffs also request that the Court approve the Notice to be sent to putative class members, which is attached to their Motion as Exhibit G; that they be permitted to deliver the Notices

9

by both first class and electronic mail; that the opt-in period last for ninety-days; that they be permitted to send a reminder notice to putative class members at the half-way point of the notice period; and that the Phenix Defendants be ordered to provide the names, physical and electronic addresses, telephone numbers, and the last four digits of the social security number of any potential opt-in plaintiffs. The Court finds that the Notice, the proposed delivery methods, and the requests for information are reasonable, and will ensure proper notification of the putative class members. Accordingly, these requests will be granted, and the Phenix Defendants will be required to provide the requested information.

Finally, Plaintiffs request that the applicable three-year statute of limitations be equitably tolled during the time period in which dispostive motions where pending in this case. Under the FSLA, the commencement of a lawsuit does not toll the statute of limitations for putative class members but, instead, the statute continues to run until putative class members file consent forms. 29 U.S.C. § 256(b). Under the doctrine of equitable tolling, a court may exercise its discretion and extend a statute of limitations in cases in which it would be inequitable to enforce the statute of limitations. This doctrine applies in FLSA cases because it is "read into every federal statute of limitations." Holmberg v. Ambrecht, 327 U.S. 392, 397 (1946). Additionally,

courts have granted equitable tolling in the FLSA collective action context to avoid prejudice to actual or potential opt-in plaintiffs that can arise from the unique procedural posture of collective actions under 29 U.S.C. § 216(b).  See, e.g., Partlow v. Jewish Orphans Home of S. Cal., Inc., 645 F.2d 757, 760-61 (9th Cir. 1981)(finding equitable tolling proper where plaintiffs were without fault and "practical effect of not tolling the statute would be to bar forever any claim" the employees had against defendant); Israel Antonio-Morales v. Bimbo's Best Produce, Inc., 2009 WL 1591172, at *1 (E.D. La. Apr. 20, 2009); Faison v. Texas EZPawn, L.P., 2007 WL 1481047, at *1 (S.D. Tex. May 21, 2007).

Here, as the record shows that the putative class members were not responsible for the delay caused by the filing/consideration of the parties' motions, and as the claims of some of the putitive class members would be forever barred if the statute of limitations was not tolled, the Court finds the doctrine of equitable tolling should be applied in this case.  The Court will, therefore, order the statute of limitation to be tolled from March 21, 2014, to the date on which this Opinion and Order is entered.

### III.  Conclusion

For the foregoing reasons:

IT IS THEREFORE ORDERED that Plaintiffs' Motion for Class

Certification [Docket No. 50] is hereby granted. The Court hereby conditionally certifies the following class:

> All over-the-road commercial truck drivers who worked for Defendants nationwide within the last three (3) years who were not compensated at least the statutory minimum wage for all hours worked.

IT IS FURTHER ORDERED that the Phenix Defendants are hereby ordered to provide Plaintiffs the names, last known physical and electronic addresses, last known telephone numbers, and the last four digits of the social security number of all potential opt-in plaintiffs, as described in the conditionally certified class on or before April 22, 2016.

IT IS FURTHER ORDERED that Plaintiffs shall revise their proposed Court-Authorized Class Notice to reflect the dispositions herein, and send a revised copy to the Court by electronic mail on or before April 8, 2016, for final Court approval of the Notice.

IT IS FURTHER ORDERED that Plaintiffs must file all consent forms of opt-in plaintiffs within 150 days from the date on which this Opinion and Order is entered.

IT IS FURTHER ORDERED that the statute of limitations for putative class plaintiffs is hereby tolled from March 21, 2014, to the date on which this Opinion and Order is entered.

SO ORDERED this the 31st day of March, 2016.

s/ William H. Barbour, Jr.
UNITED STATES DISTRICT JUDGE
